# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2014 Term**

**FILED**

**February 20, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 13-0290

**DOMENICK MARRARA, JR.,
INDIVIDUALLY AND AS CO-TRUSTEE OF
THE DOMENICK MARRARA, JR., TRUST;
SANDRA JEAN MARRARA,
INDIVIDUALLY AND AS CO-TRUSTEE OF
THE DOMENICK MARRARA, JR., TRUST; AND
DOMENICK MARRARA, JR., TRUST,
Plaintiffs Below, Petitioners**

**V.**

**RIPLEY ASSOCIATES, LLC,
Defendant Below, Respondent**

---

**Appeal from the Circuit Court of Preston County
Honorable Larry V. Starcher, Special Judge
Civil Action No. 12-C-59**

**REVERSED AND REMANDED**

---

**Submitted: February 4, 2014
Filed: February 20, 2014**

William C. Brewer
J. Tyler Slavey
Brewer & Giggenbach, PLLC
Morgantown, West Virginia
Attorneys for the Petitioners

William J. Leon
William J. Leon, LC
Morgantown, West Virginia
Attorney for the Respondent

**CHIEF JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.      "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

2.      "A statute that is ambiguous must be construed before it can be applied." Syllabus point 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

3.      "Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syllabus point 3, *Smith v. State Workmen's Compensation Commissioner*, 159 W. Va. 108, 219 S.E.2d 361 (1975).

4.      W. Va. Code § 31B-7-702(e) (1996) (Repl. Vol. 2009) requires the payment of interest upon a dissociated member's distributional interest in an at-will limited liability company from the date of dissociation determined under W. Va. Code § 31B-7-701(a)(1) (1996) (Repl. Vol. 2009).

i

**Davis, Chief Justice:**

The petitioners herein and plaintiffs below, Domenick Marrara, Jr., and Sandra Jean Marrara, individually and as co-trustees[1] of the Domenick Marrara, Jr., Trust (hereinafter "the Trust"), as well as the Trust, itself, appeal from an order entered February 19, 2013, by the Circuit Court of Preston County. By that order, the circuit court determined the fair market value of the Trust's distributional interest in the respondent herein and defendant below, Ripley Associates, LLC (hereinafter "Ripley"), and further ordered that, pursuant to W. Va. Code § 31B-7-702(e) (1996) (Repl. Vol. 2009), Ripley should pay interest on this amount from the date of the circuit court's determination thereof at the January 15, 2013, evidentiary hearing. On appeal to this Court, the Trustees argue that they are entitled to receive interest on the Trust's distributional interest from the date of its dissociation from Ripley on November 4, 2011, as contemplated by W. Va. Code § 31B-7-701(a)(1) (1996) (Repl. Vol. 2009). Upon a review of the parties' arguments, the appendix record, and the pertinent authorities, we reverse the decision of the Preston County Circuit Court and remand this case for entry of an order consistent with this opinion. In summary, we conclude that the payment of interest upon a dissociated member's distributional interest in an at-will limited liability company provided by W. Va. Code § 31B-7-702(e) is calculated from the date of dissociation determined under W. Va. Code § 31B-7-701(a)(1).

---

[1]The individually named petitioners herein, Domenick Marrara, Jr., and Sandra Jean Marrara, hereinafter will be referred to as "the Trustees."

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

The facts of the case *sub judice* are not disputed by the parties. Ripley is a family-owned, at-will limited liability company headquartered in Kingwood, West Virginia, that owns a commercial shopping center in Jackson County, West Virginia. Disagreements over Ripley's operation arose, and the Trust, which owns a 25% interest in Ripley, decided to dissociate from Ripley. On November 4, 2011, the Trust tendered its notice of dissociation to Ripley pursuant to W. Va. Code § 31B-6-601 (1996) (Repl. Vol. 2009).[2] Because Ripley did not have an operating agreement specifying how to value the distributional interest of a dissociating member, the valuation of the Trust's interest was governed by W. Va. Code § 31B-7-701(a)(1) given Ripley's status as an at-will limited liability company.[3] Pursuant to § 701(a)(1), the value of a dissociated member's distributional interest in an at-will limited liability company is to be "determined as of the date of the member's dissociation." In accordance with W. Va. Code § 31B-7-701(b),[4]

---

[2]W. Va. Code § 31B-6-601 (1996) (Repl. Vol. 2009) directs, in pertinent part, that "[a] member is dissociated from a limited liability company upon the occurrence of any of the following events: (1) The company's having notice of the member's express will to withdraw upon the date of notice or on a later date specified by the member[.]" W. Va. Code § 31B-6-601(1).

[3]By contrast, the valuation of a term limited liability company is governed by W. Va. Code § 31B-7-701(a)(2) (1996) (Repl. Vol. 2009).

[4]W. Va. Code § 31B-7-701(b) requires, in pertinent part, "[a] limited liability company must deliver a purchase offer to the dissociated member whose distributional
(continued...)

2

Ripley tendered an offer to purchase the Trust's distributional interest for $413,727.35, which offer the Trust rejected. Thereafter, the Trust and its Trustees filed the instant proceeding in the Circuit Court of Preston County to enforce Ripley's purchase of the Trust's distributional interest pursuant to W. Va. Code § 31B-7-701(d).[5]

During the evidentiary hearing conducted by the circuit court on January 15, 2013, the court considered the valuations of Ripley prepared by various experts and determined the value of the Trust's distributional interest as of the date of dissociation, *i.e.*, November 4, 2011, to be $500,000 and further determined the terms of the purchase as required by W. Va. Code § 31B-7-702(a).[6] By order entered February 19, 2013, the circuit court memorialized these rulings:

> [B]ased on the evidence presented during the evidentiary hearing on January 15, 2013, the Court hereby **FINDS** that the fair market value of Ripley Associates, LLC, as of November 4, 2011, is two million dollars ($2,000,000.00).

---

[4](...continued)
interest is entitled to be purchased not later than thirty days after the date determined under subsection (a) of this section. . . ."

[5]Pursuant to W. Va. Code § 31B-7-701(d), "[i]f an agreement to purchase the distributional interest is not made within one hundred twenty days after the date determined under subsection (a) of this section, the dissociated member, within another one hundred twenty days, may commence a proceeding against the limited liability company to enforce the purchase. . . ."

[6]W. Va. Code § 31B-7-702(a) (1996) (Repl. Vol. 2009) provides guidelines for a court's determination of the value of a dissociated member's distributional interest and the method by which such dissociation should be effectuated.

The Court further **FINDS** that the fair market value of the distributional interest of Plaintiff, Domenick Marrara Jr., Trust, in Ripley Associates, LLC, as of November 4, 2011, is five hundred thousand dollars ($500,000.00). As such, pursuant to West Virginia Code § 31B-7-701 et seq., the Court hereby **ORDERS** Defendant Ripley Associates, LLC, to pay to Plaintiff, Domenick Marrara Jr., Trust, five hundred thousand dollars ($500,000.00), plus interest at the statutory rate of seven percent (7%) per annum, running from January 15, 2013, the date . . . the court determined the interest share and orally made the award, with interest running until the date said payment is made in full with interest, to Plaintiff, Domenick Marrara, Jr., Trust . . . . Said interest shall continue to accrue until said judgment is paid in full, along with any accrued interest.

(Emphasis in original; footnote omitted). Finally, the court ordered the Trust to deliver to Ripley an assignment of its interest therein upon receipt of the aforementioned sums.

From these adverse rulings, the Trust appeals to this Court. On appeal, the Trust contests the circuit court's determination that interest should run from the date it determined the value of the Trust's distributional interest, *i.e.*, January 15, 2013, rather than from the date it dissociated from Ripley, *i.e.*, November 4, 2011.

## II.

## STANDARD OF REVIEW

At issue in the case *sub judice* is the circuit court's interpretation of W. Va. Code § 31B-7-702(e) regarding the calculation of interest upon the award of the fair market value of the Trust's distributional interest in Ripley. We previously have held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). *Accord* Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review."). Guided by this standard, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

The sole error assigned in this case concerns the circuit court's interpretation of W. Va. Code § 31B-7-702(e), which directs that "[i]nterest must be paid on the amount awarded from the fair market value determined under section 7-701(a) to the date of payment." W. Va. Code § 31B-7-701(a)(1) refers to the valuation of a dissociated member's distributional interest, in an at-will limited liability company, as of the date of his/her

5

dissociation and directs, in relevant part, that

> [a] limited liability company shall purchase a distributional interest of a . . . [m]ember of an at-will company for its fair [market] value determined as of the date of the member's dissociation if the member's dissociation does not result in a dissolution and winding up of the company's business under section 8-801[.]

W. Va. Code § 31B-7-701(a)(1). The parties disagree, however, as to the operative date upon which said interest payment is to be calculated.

The Trust contends that the reference in W. Va. Code § 31B-7-702(e) to "the fair market value determined under section 7-701(a)" suggests that the interest award is to be calculated from the date of the dissociated member's dissociation. Interpreting § 702(e) in this manner, argue the Trustees, would discourage limited liability companies from protracted valuation litigation and further would ensure that the dissociated member receives the value of his/her distributional interest as of the date of his/her dissociation as if he/she had been paid for his/her interest on that date. Moreover, the Trustees contend that because the length of time between a circuit court's ruling determining the fair market value of the subject distributional interest and the court's final order memorializing said ruling typically is short in duration, calculating the interest commencement date as did the circuit court would render the interest awarded by § 702(e) a virtual nullity, especially because awards of post-judgment interest are already determined by statute. *See generally* W. Va. Code § 56-6-31 (2006) (Repl. Vol. 2012) (governing awards of post-judgment interest).

6

Ripley responds that the circuit court correctly calculated the § 702(e) interest award from the date of the circuit court's determination of the value of the Trust's distributional interest. In support of its argument, Ripley focuses upon the first portion of § 702(e), which provides that "[i]nterest must be paid on the amount awarded." Because the circuit court made its award of the fair market value of the Trust's distributional interest through its oral ruling during the January 15, 2013, evidentiary hearing, Ripley contends that this is the date upon which the award of interest should commence. Furthermore, given that the language of West Virginia's interest statute is different than that adopted by other states who also have adopted the Uniform Limited Liability Company Act, Ripley contends that construction of this provision as awarding interest from the date of the circuit court's award of the distributional interest's fair market value is consistent with the Legislature's express rejection of alternative language that would have required the calculation of interest from the date of dissociation. Finally, Ripley opposes the Trustees' contention that calculating interest from the date of the court's determination of the distributional interest's fair market value provides an incentive to the limited liability company to prolong such judicial determination because, Ripley argues, W. Va. Code § 31B-7-702(d) permits an award of attorney's fees and expenses against "a party to the proceeding [who has] acted arbitrarily, vexatiously or not in good faith."

The issue presented by the instant appeal requires this Court to determine the operative date from which an award of interest pursuant to W. Va. Code § 31B-7-702(e) is calculated. Such a determination necessarily requires us to ascertain the meaning of the subject statutory language and, as evidenced by the parties' diametrically opposed interpretations of this provision, compels us to construe an ambiguous statute. We previously have held that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). In this vein, we further have held that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959). Where, as here, however, the statutory language is less clear, we have held that "[a] statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992). Thus, "[a] statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Hereford v. Meek*, 132 W. Va. 373, 386, 52 S.E.2d 740, 747 (1949). Finally, guidance in the construction of ambiguous statutes may also be found in related statutory provisions: "[s]tatutes which relate to the same subject matter

8

should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments."  Syl. pt. 3, *Smith*, 159 W. Va. 108, 219 S.E.2d 361.

W. Va. Code § 31B-7-702(e) directs that "[i]nterest must be paid on the amount awarded from the fair market value determined under section 7-701(a) to the date of payment."  The uncertainty of the meaning of this statute undoubtedly may be attributable, in part, to the Legislature's choice of words which deviate slightly from the language employed by other jurisdictions who also provide for an award of interest upon a dissociated member's distributional interest.  *Cf.* Haw. Rev. Stat. § 428-702(f) (West 1996) ("Interest shall be paid on the amount awarded from the date determined under Section 428-701(a) to the date of payment."); 805 Ill. Comp. Stat. Ann. 180/35-65(e) (West 1998) ("Interest must be paid on the amount awarded from the date determined under subsection (a) of Section 35-60 to the date of payment."); Mont. Code Ann. § 35-8-809(5) (1999) ("Interest must be paid on the amount awarded from the date determined under 35-8-808(1) to the date of payment."); S.C. Code Ann. § 33-44-702(e) (1996) ("Interest must be paid on the amount awarded from the date determined under Section 33-44-701(a) to the date of payment."); Vt. Stat. Ann. tit. 11, § 3902(f) (West 1995) ("Interest shall accrue and be paid on the amount awarded from the date determined under subsection 3091(a) of this title to the date of payment."); V.I. Code Ann. tit. 13, § 1702(e) (1998) ("Interest must be paid on the amount awarded from the date determined under section 1701, subsection (a) of this chapter to the

date of payment."). *See also Lincoln Provision, Inc. v. Puretz*, No. 8:10CV344, 2013 WL 6263475 (D. Neb. Oct. 10, 2013) (applying Illinois statute to calculate interest award from date of dissociation). Despite this slight linguistic departure, the Legislature's intent nevertheless may be ascertained by examining the precise words it has chosen as well as the companion statute to which the controverted language refers.

The language chosen by the West Virginia Legislature for the wording of W. Va. Code § 31B-7-702(e) directs that "[i]nterest must be paid on the amount awarded from the fair market value determined under section 7-701(a) to the date of payment." Thus, the express legislative language states that the payment of interest is to be made "*from* the fair market value determined under section 7-701(a)." W. Va. Code § 31B-7-702(e) (emphasis added). In turn, W. Va. Code § 31B-7-701(a)(1) directs, in pertinent part, that the referenced fair market value determination of a dissociated member's distributional interest in an at-will limited liability company is calculated "as of the date of the member's dissociation." W. Va. Code § 31B-7-701(a)(1). Thus, reading these two statutory provisions together clearly indicates that, when a member dissociates from an at-will limited liability company, the interest provided by § 702(e) is to be calculated from the date of dissociation determined under § 701(a)(1). Accordingly, we hold that W. Va. Code § 31B-7-702(e) (1996) (Repl. Vol. 2009) requires the payment of interest upon a dissociated member's distributional interest in an at-will limited liability company from the date of dissociation

determined under W. Va. Code § 31B-7-701(a)(1) (1996) (Repl. Vol. 2009).[7]

Applying this holding to the facts of the case *sub judice*, we conclude that the circuit court erred by requiring Ripley to pay interest on the Trust's distributional interest from the date of its determination of the company's fair market value and the corresponding value of the Trust's distributional interest. Rather, pursuant to W. Va. Code § 31B-7-702(e), Ripley is required to pay interest on the Trust's distributional interest from the date of its dissociation, *i.e.*, November 4, 2011, because the date of dissociation is the valuation date provided by W. Va. Code § 31B-7-701(a)(1) for at-will limited liability companies. Accordingly, we reverse the circuit court's contrary ruling and remand this case for entry of an order consistent with this opinion.

---

[7]The holding herein pertains specifically to the valuation determination of a dissociated member's distributional interest in an at-will limited liability company because that is the status of the company at issue herein, *i.e.*, Ripley. We render no ruling on the operative date for the commencement of § 702(e) interest on a dissociated member's distributional interest in a term limited liability company insofar as that issue is not presently before the Court.

Moreover, despite the fact that a limited liability company is allowed thirty days to tender its purchase offer to a dissociated member pursuant to W. Va. Code § 31B-7-701(b), we nevertheless find the operative date for the commencement of § 702(e) interest to be, for an at-will limited liability company, the date of dissociation determined under § 701(a)(1) as that is the operative date referenced in § 702(e).

11

## IV.

## CONCLUSION

For the foregoing reasons, the February 19, 2013, order of the Circuit Court of Preston County is hereby reversed, and this case is remanded for entry of an order consistent with this opinion.

Reversed and Remanded.